UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY GONYER and SUSAN GONYER,

    Plaintiffs,

v().                                             Case No. 1:13-CV-796

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,    HON. GORDON J. QUIST
ENBRIDGE PIPELINES (LAKEHEAD), LLC,
ENBRIDGE PIPELINES (WISCONSIN), INC.,
Jointly and Severally,

    Defendants.
_____/

**OPINION REGARDING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

      Plaintiffs, Jeffrey and Susan Gonyer, filed a complaint against Defendants on July 24, 2013, alleging state-law claims for negligence, nuisance, and strict liability for abnormally dangerous activity. Plaintiffs alleged that the Court has diversity jurisdiction because Plaintiffs are citizens of Michigan, Defendant Enbridge Energy, Limited Partnership is a Delaware limited partnership with its principal place of business in Texas, Defendant Enbridge Pipelines (Lakehead), LLC is a Delaware limited liability corporation with its principal place of business in Texas, and Defendant Enbridge Pipelines (Wisconsin), Inc. is a Wisconsin Corporation with its principal place of business in Texas. (Compl. ¶¶ 1, 2, 5–7, 9.) Plaintiffs did not allege the existence of federal question jurisdiction.

      Defendants have moved to dismiss the case for lack of subject matter jurisdiction, arguing that Plaintiffs have failed to meet their burden of showing the existence of jurisdiction. In particular, Defendants point out that Defendant Enbridge Energy, Limited Partnership (EELP) is limited

partnership and that Enbridge Energy Partners, L.P. (EEP)—itself a limited partnership—is a limited partner of EELP. (Stevenson Dec. ¶ 3, Defs.' Br. Supp. Mot. to Dismiss Ex. A.) Defendants further note that EEP is a publicly-traded master limited partnership listed on the New York Stock Exchange, with at least fifty-one of its unitholders residing in Michigan. (*Id.*) Thus, Defendants contend, complete diversity does not exist. Plaintiffs have responded, arguing that they have provided sufficient evidence to show that diversity exists and, in any event, the Court has federal question jurisdiction under the substantial-federal-question doctrine. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363 (2005).

For the following reasons, the Court concludes that it lacks subject matter jurisdiction and, therefore, will grant Defendants' motion and dismiss Plaintiffs' complaint without prejudice.

"[F]ederal courts are courts of limited jurisdiction with only such jurisdiction as is defined by the Constitution and granted by Congress." *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001) (internal quotations and citation omitted). It is thus "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 51 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (internal citation omitted). Because Plaintiffs assert that the Court has jurisdiction over this case, they have "the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97, 130 S. Ct. 1181, 1194–95 (2010)).

Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. In their complaint, Plaintiffs allege that the Court has diversity jurisdiction

because Plaintiffs are citizens of Michigan and Defendants were formed and have their principal places of business in states other than Michigan. In particular, Plaintiffs alleged that EELP is a Delaware limited partnership with its principal place of business in Texas. (Compl. ¶ 5.) This allegation fails to establish that the parties are diverse. For purposes of diversity jurisdiction, "a corporation [is] deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). On the other hand, the citizenship of a limited partnership is the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 195, 110 S. Ct. 1015, 1018, 1021 (1990) (holding that for purposes of diversity jurisdiction a court must examine the citizenship of all of a limited partnership's partners, including the general and limited partners); *see also Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 544-45 (6th Cir. 1994); *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 459 (6th Cir. 1989). Moreover, if a party is a limited partnership with partners that are also limited partnerships, limited liability companies, or other similar unincorporated business entities, the plaintiff must allege the citizenship of each partner or member of such entity, and so on. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

In this case, Plaintiffs not only failed to properly allege the citizenship of EELP, but Defendants have presented evidence showing that EELP's limited partner, EEP, which is also a limited partnership, has its own limited partners or unitholders who are citizens of Michigan. Thus, Defendants have shown that diversity does not exist in this case.

Plaintiffs respond that in a recent case, captioned *Protect Our Land and Rights Defense Fund v. Enbridge Energy, Limited Partnership*, No. 12-cv-14161 (E.D. Mich.), EELP removed the case

from state court to the Eastern District of Michigan on the basis of diversity jurisdiction, alleging that it was not a Michigan citizen. (*See* Defs.' Br. Supp. Mot. to Remand Ex. B.) More specifically, EELP alleged, like Plaintiffs in this case, that EELP is a Delaware limited partnership with its principal place of business in Texas. (*Id.* ¶ 5.) Apart from the fact that EELP's allegation regarding its citizenship was legally insufficient to establish diversity of citizenship for purposes of removal, it is well established that "[t]he jurisdiction of the federal courts is set by the Constitution and Congress, and may not be created by the consent (or forfeiture) of the parties". *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 539 (6th Cir. 2013). Thus, EELP's erroneous jurisdictional allegations in *Protect our Land* cannot create, or divest this Court of, subject matter jurisdiction.

Plaintiffs also suggest that because Defendants never challenged subject matter jurisdiction in the lead class action case pending before this Court—*Holder v. Enbridge Energy, et al.*, Case No. 1:10-CV-752—which also names EELP as a defendant, the Court should deem jurisdiction to exist in this case. As Defendants note, however, this Court's jurisdiction in the class action cases is based on the Class Action Fairness Act, 28 U.S.C. § 1332(d), which is not a basis for jurisdiction in this case.

Plaintiffs also argue that EELP's corporate filings with the State of Michigan contradict its position in the instant motion that it is a citizen of Michigan. Plaintiffs' argument lacks merit. The Michigan Department of Labor & Economic Growth Bureau of Commercial Services forms only require that the limited partnership list *its* general and limited partners, which is what EELP did. EELP did not identify EEP's unitholders as limited partners of EELP for purposes of the Michigan regulatory filing because they are not limited partners of EELP. As explained above, however, for purposes of determining diversity jurisdiction, the Court must look beyond EEP and consider the citizenship of EEP's unitholders.

4

Finally, Plaintiffs contend that the Court has jurisdiction because Plaintiffs' claims depend upon the resolution of a substantial question of federal law. Although Plaintiffs acknowledge that their state law claims concern Defendants' "improper maintenance, repair, and inspection of [their] pipelines," (Pls.' Resp. to Defs.' Mot. at 5), they assert that resolution of their claims "naturally involves resolution of whether Defendants complied with federal pipelines regulations." (*Id.* at 6.)

Plaintiffs' argument lacks merit. Even though certain aspects of Plaintiffs' claims may call into question Defendants' compliance with federal law, Plaintiffs fail to identify a substantial issue of federal law that is an essential part of Plaintiffs' claims. As the Sixth Circuit has observed, "[t]he mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability issue by issue." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (en banc). The substantial-federal-question doctrine applies only if: "(1) the state-law claim . . . raise[s] a disputed federal issue; (2) the federal interest in the issue . . . [is] substantial; and (3) the exercise of jurisdiction . . . [does] not disturb any congressionally approved balance of federal and state judicial responsibilities." *Id.* (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005)). The Supreme Court has clarified that the doctrine applies only to a "slim category" of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S. Ct. 2121, 2137 (2006). For example, in *Grable & Sons*, the sole issue in the state-court quiet title action was whether notice was proper under a federal statute. *See* 545 U.S. at 315, 125 S. Ct. at 2368. The Court observed that this single, dispositive issue was "an important issue of federal law that sensibly belongs in a federal court." *Id.* In contrast, in this case, Defendants' compliance with federal rules and regulations is simply a facet of Plaintiffs' state-law claims, and Plaintiffs fail to identify a substantial and disputed

5

issue of federal law of comparable magnitude to the issue raised in *Grable*. *See Ash v. Providence Hosp.*, No. 08-0525-WS-M, 2009 WL 424586, at *5 (S.D. Ala. Feb. 17, 2009) ("In short, this case is a very poor candidate for *Grable* 'substantial-federal-question' jurisdiction. Such jurisdiction is not triggered whenever federal regulations or standards may be peripherally involved in the litigation."); *Shawver v. Bradford Square Nursing, LLC*, No. 3:08-13-DCR, 2008 WL 2355803, at *5 (E.D. Ky. June 5, 2008) ("Although resolution of the Plaintiff's state law claims may require examination of federal law, the Court cannot conclude that this case involves a federal issue that is substantial and dispositive. While the Plaintiff has referenced federal Medicare and Medicaid statutes and regulations, he has done so simply to establish that the defendants breached that duty of care.").

Accordingly, the Court will grant Defendants' motion to dismiss Plaintiffs' complaint.[1]

A separate order will enter.


Dated: March 26, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[1] In their response, Plaintiffs request leave to amend their complaint to allege federal question jurisdiction. Ignoring that Plaintiffs have failed to file a formal motion for leave to amend, they provide no basis to conclude that the proposed amendment would allege a substantial federal question.

6